SAMUEL H. HURD, RECEIVER, ETC., OF THE THIRD AVENUE SAVINGS BANK, APPELLANT, *v.* PETER WARREN, ADMINISTRATOR, AND ELIZA LACEY, ADMINISTRATRIX OF JOHN LACEY, DECEASED, AND NICHOLAS QUACKENBOSS, RESPONDENTS.

*Surrogate of New York — allowances under chapter 359 of 1870 — subject to the limitation of the Code, § 309.*

The surrogate of New York, in granting allowances in lieu of costs, under section 9 of chapter 359 of 1870, is subject to the limitation imposed by section 309 of the Code, and can in no case make an allowance exceeding $2,000 to all the parties or five per cent upon the amount recovered, or the claim or subject-matter involved.

APPEAL from a decree of the surrogate of New York, directing the appellant, as receiver of the Third Avenue Savings Bank, " to pay to N. Quackenboss, Esq., counsel for the respondents, out of the funds in his hands as such receiver, $275 in lieu of costs." The receiver had made a claim against the estate, which had been referred to an auditor, and by him rejected as barred by the short statute of limitation.

*F. Smith,* for the appellant.

*H. Quackenboss,* for the respondents.

DAVIS, P. J.:

This court has already held that the surrogate's power to make allowances is subject to the limitations imposed by section 309

of the Code, and can in no case exceed $2,000 to all the parties. (*Down* v. *McGourkey*, 15 Hun, 444.) It is subject, also, to the limitation of five per cent upon the amount recovered, or claim or subject-matter involved. The whole amount of the claim was $3,250 in this case, on which five per cent is $162.50. The surrogate allowed $275; that allowance must be reduced to $162.50, and the order should be modified by making such reduction and affirmed as modified.

BRADY J., concurred.

INGALLS, J., dissenting.

This is an appeal from the decree of the surrogate, disallowing a claim asserted by the plaintiff as receiver of the Third Avenue Savings Bank, on the ground that it was barred by the short statute of limitations. The referee, to whom the matter was referred by the surrogate, has reported the evidence taken by him, with his conclusion that the claim has become barred by such statute of limitation, and we are satisfied that he has decided correctly. The surrogate has confirmed the report of the referee and allowed the sum of $275 in lieu of costs and expenses to be paid out of the fund in the hands of the receiver. It is contended by the appellant that the surrogate was not authorized to impose such costs. We do not agree with the appellant in this proposition. The statute of 1870, chapter 359, section 9, provides as follows: "The surrogate of said county (New York) may grant allowances, in lieu of costs, to counsel in any proceeding before him in the same manner as are now prescribed by the Code of Procedure in civil actions." The receiver voluntarily instituted the proceedings to collect the claim and submitted to the jurisdiction of the surrogate, and we perceive no substantial reason why the surrogate did not possess the authority to make the allowance of costs, which do not seem to be unreasonable in amount, nor does it appear inequitable to charge the same upon the fund in the hands of the receiver who has occasioned them.

The decree must be affirmed, with costs and disbursements, to be paid by the receiver out of any funds in his hands belonging to the trust.

Judgment modified by reducing allowance to $162.50, and affirmed as modified, without costs.